JOSEPH C. ALM, State Bar No. 294362
Tesla, Inc.
901 Page Avenue
Fremont, California 94538-734
jalm@tesla.com
(650) 681-5000

Counsel for Plaintiff
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEX KHATILOV. <br><br> Defendant. | Case No.: 5:21-cv-00528 <br><br> **PLAINTIFF TESLA, INC.'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND EVIDENCE PRESERVATION ORDER** <br><br> Date: _____ <br> Time: _____ <br> Dept: _____ <br> Judge: _____ <br><br> Complaint Filed: January 22, 2021 |

**NOTICE OF MOTION AND MOTION**

Pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rule 65-1, Plaintiff Tesla, Inc. ("Tesla") hereby gives notice that on January 22, 2021, or as soon thereafter as the matter may be heard, Tesla will, and hereby does, move the United States District Court, Northern District of California, San Jose Division, at 280 South 1st Street, San Jose, California, 95113, for an *ex-parte* Temporary Restraining Order, Order to Show Cause, and Evidence Preservation Order against Defendant Alex Khatilov.

This is a case about blatant downloading of trade secrets by a dishonest employee who already has a track record of destroying evidence. Tesla brings this motion because Defendant, immediately after being hired by Tesla on December 28, 2020, began downloading thousands of files containing Tesla's trade secrets in the form of highly confidential Quality Assurance software scripts. Defendant transferred those files to a personal Dropbox cloud storage account. When Tesla's information security team detected the downloading and confronted the Defendant on January 6, 2021, he falsely claimed to have transferred only personal administrative data. In the midst of that conversation, Defendant attempted to conceal his conduct by hurriedly deleting files from his Dropbox account before Tesla personnel could remotely view his computer screen. Although Tesla personnel were subsequently able to view Defendant's screen and watch Defendant delete files from Dropbox, Tesla does not know whether Defendant took additional files, whether he copied files from the Dropbox account to other locations in the days before he was caught, or whether he sent any of the files to other persons. Once Defendant uploaded the files to Dropbox days earlier, Tesla had no ability to monitor any further misappropriation from that account, which Defendant could have done at any time before he purportedly deleted the files from Dropbox.

The speed and scale of Defendant's theft – downloading thousands of highly confidential files within days of being hired – and his blatant dishonesty when confronted by Tesla, raises grave concerns that Tesla did not uncover all of Defendant's misconduct. Tesla therefore respectfully requests urgent, tailored relief from this Court enjoining Defendant from using or disclosing any Tesla trade secrets that remain in his possession, enjoining him from further

destroying evidence, and ordering expedited discovery to determine whether he stole any other information, kept copies Tesla has not recovered, and/or disclosed Tesla trade secrets to others.

Accordingly: (1) there is a substantial likelihood that Tesla will succeed on the merits of its claims against Defendant for misappropriation of trade secrets and breach of contract via unauthorized downloading while employed by Tesla; (2) absent the issuance of preliminary injunctive relief Tesla will suffer immediate and irreparable injury due to Defendant's use or disclosure of Tesla's trade secrets; (3) such injuries substantially outweigh any costs to Defendant that may result from granting this motion, which is intended to preserve the status quo; and (4) the requested relief supports the strong public interest in favor of protecting trade secrets.

For these reasons, Tesla respectfully requests that the Court grant the following relief as set forth in the accompanying Proposed Order:

## I.  Temporary Restraining Order

Tesla requests that the Court issue an Order, pending a hearing on the requested Order to Show Cause, that Defendant and any persons in active concert or participation with him, be:

1. ENJOINED AND RESTRAINED from obtaining, retaining, using, transmitting, disseminating, or disclosing any of Tesla's quality assurance files that Defendant downloaded, transferred, or otherwise obtained from Tesla's servers during his employment with Tesla between December 28, 2020 and January 6, 2021, including any information contained within or deriving from those files (together, the "Tesla Trade Secrets");

2. REQUIRED to return to Tesla, within three (3) days of the Order, all Tesla equipment, tangible materials, and information that remain in Defendant's possession, custody, or control, including but not limited to any emails, files, records, or other documents that Defendant downloaded, removed, or otherwise obtained from Tesla, whether original or duplicate;

3. REQUIRED to identify for Tesla, by hand delivery or electronically within three (3) days of the Order, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards, read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts (including Dropbox), email accounts, tablet devices (including iPads), smartphones, other storage devices or accounts, or hard

copy documents (collectively "Media"), belonging to or in Defendant's possession, custody, or control, that contain any Tesla Trade Secrets (together, the "Identified Media");

4. REQUIRED to produce to Tesla, by hand delivery or electronically within three (3) days of the Order, the Identified Media, or allow Tesla's agents, including any computer forensic experts, to forensically preserve and mirror/image said Identified Media (which mirrored data shall be kept confidential by Tesla until such time as the Court re-designates any portion thereof under a protective order);

5. REQUIRED to provide to Tesla, by hand delivery or electronically within three (3) days of the Order, all logins, user IDs, passwords, and any other processes necessary to obtain access to any operating system, database, server, software, file, or other storage location for the Identified Media within Defendant's possession, custody, or control; and

6. REQUIRED to identify for Tesla, by hand delivery or electronically within three (3) days of the Order, any other persons, entities, or locations (including any Media) not within Defendant's possession, custody, or control, to which Defendant has transmitted, disseminated, disclosed, or stored any Tesla Trade Secrets.

## II. Order To Show Cause re: Preliminary Injunction

Tesla further requests that Defendant be ordered to appear before this Court, at a date, time, and place to be set, to show cause why the Court should not issue a Preliminary Injunction ordering the same relief requested above in the TRO, to the extent not already completed prior to issuance of the Preliminary Injunction.

## III. Evidence Preservation Order

Finally, to ensure that key evidence is not destroyed prior to an adjudication or other resolution of this action, Tesla requests that the Court issue an Order that Defendant shall retain and preserve all documents relating to this action (including, but not limited to, all electronic communications and all Tesla Trade Secrets), and shall be prohibited from destroying or modifying any such evidence.

\* \* \*

PLAINTIFF'S *EX PARTE* MOTION FOR TRO, OSC RE: PRELIMINARY INJUNCTION, AND EVIDENCE PRESERVATION ORDER         -4-

1  This Motion is made upon the accompanying Memorandum of Points and Authorities, the Declarations of Golda Arulappan, David Schertzer, Jenna Ferrua, and John Shumway, the Complaint filed on this day, and such further papers, evidence, and arguments as may be submitted to the Court.

Pursuant to Civil Local Rule 65-1(b), the undersigned counsel for Tesla certifies that on January 22, 2021 at approximately 8:30 a.m., he notified Defendant Alex Khatilov via email of Tesla's intent to file this *ex parte* motion at this place and time, and provided courtesy copies of the motion together with all supporting papers.

Dated:  January 22, 2021

<u>s/ Joseph Alm</u>
Joseph Alm

Joseph Alm
CA Bar # 294362
Tesla, Inc.
901 Page Avenue
Fremont, California 94538-734
jalm@tesla.com
(650) 681-5000

Counsel for Plaintiff
*Tesla, Inc.*