1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., | Case No.:  5:21-cv-00528 |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF TESLA, INC.'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND EVIDENCE PRESERVATION ORDER** |
| v. | |
| ALEX KHATILOV. | |
| Defendant. | |
| | Judge: _____ |
| | Dept: _____ |
| | Complaint Filed: January 22, 2021 |

On January 21, 2021, Plaintiff Tesla, Inc. ("Tesla") filed its *Ex Parte* Application for Temporary Restraining Order, Order to Show Cause re: Preliminary Injunction, and Evidence Preservation Order to this Court.  The Court, having considered the argument of counsel and the papers submitted with this matter, and for good cause shown, HEREBY ORDERS that the Application is GRANTED, as more fully set forth herein.  Defendant Alex Khatilov is hereby notified of his right to apply to the Court for modification or dissolution of the Order on two (2) days' notice, or such shorter notice as the Court may allow.

## TEMPORARY RESTRAINING ORDER

The Court has found that good cause exists for issuance of a Temporary Restraining Order, as Tesla has shown: (1) there is a substantial likelihood that Tesla will succeed on the merits of its claims against Defendant for misappropriation of trade secrets and breach of contract via unauthorized downloading while employed by Tesla; (2) absent the issuance of preliminary injunctive relief Tesla will suffer immediate and irreparable injury due to Defendant's use or disclosure of Tesla's trade secrets; (3) such injuries substantially outweigh any costs to Defendant that may result from granting this motion, which is intended to preserve the status quo; and (4) the requested relief supports the strong public interest in favor of protecting trade secrets.

Pending hearing on the Order to Show Cause, Defendant Alex Khatilov, as well as any persons in active concert or participation with him, is hereby RESTRAINED, ENJOINED AND ORDERED as follows:

1.      Defendant is ENJOINED AND RESTRAINED from obtaining, retaining, using, transmitting, disseminating, or disclosing any of Tesla's quality assurance files that Defendant downloaded, transferred, or otherwise obtained from Tesla's servers during his employment with Tesla between December 28, 2020 and January 6, 2021, including any information contained within or deriving from those files (together, the "Tesla Trade Secrets");

2.      Defendant is REQUIRED to return to Tesla, within three (3) days of this Order, all Tesla equipment, tangible materials, and information that remain in Defendant's possession, custody, or control, including but not limited to any emails, files, records, or other documents

that Defendant downloaded, removed, or otherwise obtained from Tesla, whether original or duplicate;

3.     Defendant is further REQUIRED to identify for Tesla, by hand delivery or electronically within three (3) days of this Order, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards, read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts (including Dropbox), email accounts, tablet devices (including iPads), smartphones, other storage devices or accounts, or hard copy documents (collectively "Media"), belonging to or in Defendant's possession, custody, or control, that contain any Tesla Trade Secrets (together, the "Identified Media");

4.     Defendant is further REQUIRED to produce to Tesla, by hand delivery or electronically within three (3) days of this Order, the Identified Media, or allow Tesla's agents, including any computer forensic experts, to forensically preserve and mirror/image said Identified Media (which mirrored data shall be kept confidential by Tesla until such time as the Court re-designates any portion thereof under a protective order);

5.     Defendant is further REQUIRED to provide to Tesla, by hand delivery or electronically within three (3) days of this Order, all logins, user IDs, passwords, and any other processes necessary to obtain access to any operating system, database, server, software, file, or other storage location for the Identified Media within Defendant's possession, custody, or control; and

6.     Defendant is further REQUIRED to identify for Tesla, by hand delivery or electronically within three (3) days of this Order, any other persons, entities, or locations (including any Media) not within Defendant's possession, custody, or control, to which Defendant has transmitted, disseminated, disclosed, or stored any Tesla Trade Secrets.

The Temporary Restraining Order granted herein on _____, 2021 at _____ shall expire on _____, 2021 at _____.

## <u>ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION</u>

Defendant is FURTHER ORDERED to appear on _____, 2021 at _____ in _____ to show cause why a preliminary injunction should not be granted and why Defendant, and any persons in active concert or participation with him, should not be ORDERED pending trial as follows:

1.      ENJOINED AND RESTRAINED from obtaining, retaining, using, transmitting, disseminating, or disclosing any of Tesla's quality assurance files that Defendant downloaded, transferred, or otherwise obtained from Tesla's servers during his employment with Tesla between December 28, 2020 and January 6, 2021, including any information contained within or deriving from those files (together, the "Tesla Trade Secrets");

2.      To the extent not already done, REQUIRED to return to Tesla, within three (3) days, all Tesla equipment, tangible materials, and information that remain in Defendant's possession, custody, or control, including but not limited to any emails, files, records, or other documents that Defendant downloaded, removed, or otherwise obtained from Tesla, whether original or duplicate;

3.      To the extent not already done, REQUIRED to identify for Tesla, by hand delivery or electronically within three (3) days, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards, read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts (including Dropbox), email accounts, tablet devices (including iPads), smartphones, other storage devices or accounts, or hard copy documents (collectively "Media"), belonging to or in Defendant's possession, custody, or control, that contain any Tesla Trade Secrets (together, the "Identified Media");

4.      To the extent not already done, REQUIRED to produce to Tesla, by hand delivery or electronically within three (3) days, the Identified Media, or allow Tesla's agents, including any computer forensic experts, to forensically preserve and mirror/image said Identified Media (which mirrored data shall be kept confidential by Tesla until such time as the Court re-designates any portion thereof under a protective order);

5.      To the extent not already done, REQUIRED to provide to Tesla, by hand delivery or electronically within three (3) days, all logins, user IDs, passwords, and any other processes necessary to obtain access to any operating system, database, server, software, file, or other storage location for the Identified Media within Defendant's possession, custody, or control; and

6.      To the extent not already done, REQUIRED to identify for Tesla, by hand delivery or electronically within three (3) days, any other persons, entities, or locations (including any Media) not within Defendant's possession, custody, or control, to which Defendant has transmitted, disseminated, disclosed, or stored any Tesla Trade Secrets.

This Order to Show Cause and supporting papers shall be served on Defendant no later than _____, 2021, by hand-delivery or electronically, including e-mail.

Any opposition papers to this OSC shall be served by hand-delivery or electronically no later than _____, 2021 at _____ p.m., and be filed by hand-delivery or electronically at that time.

Any reply papers in support of this OSC shall be served by hand-delivery or electronically no later than _____, 2021 at _____ p.m., and be filed electronically at that time.

## **EVIDENCE PRESERVATION ORDER**

IT IS FURTHER ORDERED THAT:

Defendant Alex Khatilov, as well as any persons in active concert or participation with him, is hereby ORDERED to preserve all evidence in accordance with applicable federal and state rules, and to CEASE, DESIST, AND REFRAIN from deleting, destroying, removing, altering, modifying, concealing, spoliating, or secreting any documents or information relating to this lawsuit in any way, no matter where such information resides, including any documents or information stored on any computer or other Media (as defined in the Temporary Restraining Order).  This Order includes all documents relating to Tesla Trade Secrets (as defined in the Temporary Restraining Order), Defendant's employment with Tesla from December 28, 2020 to January 6, 2021, and Defendant's communications (including emails, texts, and chats) with

Tesla, as well as its respective employees, contractors, customers, competitors, vendors, suppliers, or agents.

IT IS SO ORDERED.

Dated: _____, 2021        _____

                                  Judge: