UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TESLA, INC.**,<br>    Plaintiff,<br>    v.<br>**ALEX KHATILOV**,<br>    Defendant. | Case No. 4:21-cv-00528-YGR<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE; AND EVIDENCE PRESERVATION ORDER**<br><br>Re: Dkt. No. 3 |

Plaintiff Tesla, Inc. has filed an *ex parte* motion for a temporary restraining order to restrain defendant Alex Khatilov from disseminating trade secrets that Khatilov allegedly stole from Tesla during his two-week employment at Tesla. (Dkt. No. 3.)[1] According to the moving papers,[2] Khatilov purportedly saved approximately 26,377 files relating to Quality Assurance computer scripts and transferred them to his personal cloud storage account on Dropbox, beginning just three days after his employment at Tesla commenced.[3] When confronted with these unauthorized downloads, Khatilov was allegedly evasive, by deleting the Dropbox desktop application and by being intentionally slow to respond to requests for authorization to his computer screen during the investigation. Tesla also requests, in light of the foregoing, that the Court: (1) permit expedited discovery to uncover the full extent of Khatilov's misappropriation

---

[1] The undersigned counsel for Tesla certified that, pursuant to Civil Local Rule 65-1(b), he notified Khatilov via email of this *ex parte* motion, and provided courtesy copies of the motion together with all supporting papers.

[2] The Court omits citations to the record in order to expedite the issuance of this Order.

[3] Tesla notes in its motion that it is still uncovering the scope of the alleged theft, and that some files may be duplicates. Tesla estimates that there were at least 6,300 unique files taken.

1  and to prevent further dissemination of Tesla's trade secrets; and (2) issue a preservation order to
2  prevent the destruction of any evidence.

3  Preliminary injunctive relief, whether in the form of a temporary restraining order or a
4  preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right.
5  *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). "It is so well settled as
6  not to require citation of authority that the usual function of a preliminary injunction is to preserve
7  the status quo ante litem pending a determination of the action on the merits." *Tanner Motor*
8  *Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963). A temporary restraining order is "not
9  a preliminary adjudication on the merits but rather a device for preserving the status quo and
10 preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix*
11 *Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (citation omitted).

12 Requests for temporary restraining orders are governed by the same general standards that
13 govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*,
14 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240
15 F.3d 832, 839 n.7 (9th Cir. 2001). In order to obtain such relief, plaintiffs must establish four
16 factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in
17 the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an
18 injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7,
19 20 (2008). With respect to the success on the merits and balance of harms factors, courts permit a
20 strong showing on one factor to offset a weaker showing on the other, so long as all four factors
21 are established. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).
22 In other words, "if a plaintiff can only show that there are serious questions going to the merits – a
23 lesser showing than likelihood of success on the merits – then a preliminary injunction may still
24 issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter*
25 factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir.
26 2013) (citations and quotations omitted).

27 The Court, having duly considered Tesla's complaint, the written argument of counsel in
28 the motion, and the declarations and exhibits submitted therewith, hereby makes the following

findings of fact and conclusions of law:

1. Based on the limited record before the Court, there is a substantial likelihood that Tesla will succeed on the merits of its claims against Khatilov for misappropriation of trade secrets and breach of contract via unauthorized downloading while employed by Tesla;

2. Absent the issuance of preliminary injunctive relief Tesla will suffer immediate and irreparable injury due to Khatilov's use or disclosure of Tesla's trade secrets;

3. The balance of hardships favor entering this restraining order because such injuries to Tesla substantially outweigh any costs to Khatilov that may result from granting this motion, which is intended to preserve the status quo; and

4. To the extent it is implicated, the requested relief supports the strong public interest in favor of protecting trade secrets.

Based on the foregoing, the Court **GRANTS** the motion for temporary restraining order.

## **TEMPORARY RESTRAINING ORDER**

**THEREFORE, ALEX KHATILOV AND ALL PERSONS IN ACTIVE CONCERT OR PARTICIPATION WITH KHATILOV, ARE TEMPORARILY RESTRAINED** as follows:

1. Khatilov is **ENJOINED AND RESTRAINED** from obtaining, retaining, using, transmitting, disseminating, or disclosing any of Tesla's quality assurance files that Khatilov downloaded, transferred, or otherwise obtained from Tesla's servers during his employment with Tesla between December 28, 2020 and January 6, 2021, including any information contained within or deriving from those files (together, the "Tesla Trade Secrets");

2. Khatilov is **REQUIRED** to return to Tesla, within three (3) days of this Order, all Tesla equipment, tangible materials, and information that remain in Khatilov's possession, custody, or control, including but not limited to any emails, files, records, or other documents that Khatilov downloaded, removed, or otherwise obtained from Tesla, whether original or duplicate;

3. Khatilov is further **REQUIRED** to identify for Tesla, by hand delivery or electronically within three (3) days of this Order, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards,

1  read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts
2  (including Dropbox), email accounts, tablet devices (including iPads), smartphones, other
3  storage devices or accounts, or hard copy documents (collectively "Media"), belonging to or in
4  Khatilov's possession, custody, or control, that contain any Tesla Trade Secrets (together, the
5  "Identified Media");

6      4.    Khatilov is further **REQUIRED** to produce to Tesla, by hand delivery or
7  electronically within three (3) days of this Order, the Identified Media, or allow Tesla's agents,
8  including any computer forensic experts, to forensically preserve and mirror/image said
9  Identified Media (which mirrored data shall be kept confidential by Tesla until such time as the
10 Court re-designates any portion thereof under a protective order);

11     5.    Khatilov is further **REQUIRED** to provide to Tesla, by hand delivery or
12 electronically within three (3) days of this Order, all logins, user IDs, passwords, and any other
13 processes necessary to obtain access to any operating system, database, server, software, file, or
14 other storage location for the Identified Media within Defendant's possession, custody, or
15 control; and

16     6.    Khatilov is further **REQUIRED** to identify for Tesla, by hand delivery or
17 electronically within three (3) days of this Order, any other persons, entities, or locations
18 (including any Media) not within Khatilov's possession, custody, or control, to which Khatilov
19 has transmitted, disseminated, disclosed, or stored any Tesla Trade Secrets.

20     **THIS TEMPORARY RESTRAINING ORDER IS EFFECTIVE IMMEDIATELY.** The Court
21 determines that no security bond is necessary as contemplated under Fed. R. Civ. P. 65(c). *See*
22 *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003)
23 ("The district court is afforded wide discretion in setting the amount of the bond, and the bond
24 amount may be zero if there is no evidence the party will suffer damages from the injunction.");
25 *Walls v. Wells Fargo Bank, N.A.*, No. 17-CV-02199-HSG, 2017 WL 1478961, at *4 (N.D. Cal.
26 Apr. 25, 2017) ("The district court may dispense with the filing of a bond when it concludes there
27 is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").
28

The Temporary Restraining Order granted herein on January 22, 2021 at approximately 1:15 PM PST shall expire on February 5, 2021 at approximately 1:15 PM PST.

### ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Defendant Alex Khatilov is **FURTHER ORDERED** to appear on **February 4, 2021 at 1:30 PM PST** via the Zoom platform to show cause why a preliminary injunction should not be granted and why Khatilov, and any persons in active concert or participation with him, should not be **ORDERED** pending trial as follows:

1. **ENJOINED AND RESTRAINED** from obtaining, retaining, using, transmitting, disseminating, or disclosing any of Tesla's quality assurance files that Khatilov downloaded, transferred, or otherwise obtained from Tesla's servers during his employment with Tesla between December 28, 2020 and January 6, 2021, including any information contained within or deriving from those files (together, the "Tesla Trade Secrets");

2. To the extent not already done, **REQUIRED** to return to Tesla, within three (3) days, all Tesla equipment, tangible materials, and information that remain in Khatilov's possession, custody, or control, including but not limited to any emails, files, records, or other documents that Khaitlov downloaded, removed, or otherwise obtained from Tesla, whether original or duplicate;

3. To the extent not already done, **REQUIRED** to identify for Tesla, by hand delivery or electronically within three (3) days, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards, read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts (including Dropbox), email accounts, tablet devices (including iPads), smartphones, other storage devices or accounts, or hard copy documents (collectively "Media"), belonging to or in Khatilov's possession, custody, or control, that contain any Tesla Trade Secrets (together, the "Identified Media");

4. To the extent not already done, **REQUIRED** to produce to Tesla, by hand delivery or electronically within three (3) days, the Identified Media, or allow Tesla's agents, including any computer forensic experts, to forensically preserve and mirror/image said Identified Media

(which mirrored data shall be kept confidential by Tesla until such time as the Court re-designates any portion thereof under a protective order);

5. To the extent not already done, **REQUIRED** to provide to Tesla, by hand delivery or electronically within three (3) days, all logins, user IDs, passwords, and any other processes necessary to obtain access to any operating system, database, server, software, file, or other storage location for the Identified Media within Khatilov's possession, custody, or control; and

6. To the extent not already done, **REQUIRED** to identify for Tesla, by hand delivery or electronically within three (3) days, any other persons, entities, or locations (including any Media) not within Khatilov's possession, custody, or control, to which Khatilov has transmitted, disseminated, disclosed, or stored any Tesla Trade Secrets.

This Order to Show Cause and supporting papers shall be served on Khatilov no later than **today** electronically via e-mail **and within 24 hours** by hand-delivery to his last known address.

Any opposition papers to the Order to Show Cause shall be filed and served electronically by no later than **Thursday, January 28, 2021 at 5:00 PM PST**.[4]

Any reply papers in support of this Order to Show Cause shall be filed and served electronically no later than **Monday February 1, 2021 at 5:00 PM PST**.[5]

### **EVIDENCE PRESERVATION ORDER**

**IT IS FURTHER ORDERED THAT**:

Defendant Alex Khatilov, as well as any persons in active concert or participation with him, is hereby **ORDERED** to preserve all evidence in accordance with applicable federal and state rules, and to **CEASE, DESIST, AND REFRAIN** from deleting, destroying, removing, altering, modifying, concealing, spoliating, or secreting any documents or information relating to this

---

[4] Tesla is instructed to share with Khatilov the information on how to file his opposition assuming he remains *pro se*.

[5] The parties may stipulate to an alternative or extended briefing schedule assuming the parties also stipulate to extend the duration of the Temporary Restraining Order beyond the fourteen (14) day effective time period.

lawsuit in any way, no matter where such information resides, including any documents or information stored on any computer or other Media (as defined in the Temporary Restraining Order). This Order includes all documents relating to Tesla Trade Secrets (as defined in the Temporary Restraining Order), Khatilov's employment with Tesla from December 28, 2020 to January 6, 2021, and Khatilov's communications (including emails, texts, and chats) with Tesla, as well as its respective employees, contractors, customers, competitors, vendors, suppliers, or agents.

This Order terminates Docket Number 3.

**IT IS SO ORDERED.**

Dated: January 22, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**