JOSEPH C. ALM, State Bar No. 294362
jalm@tesla.com
901 Page Ave.
Fremont, CA 94358
(650) 681-5000

Counsel for Plaintiff
TESLA, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TESLA, INC.,**<br><br>　　　*Plaintiff*<br><br>　　　　v.<br><br>**ALEX KHALITOV**,<br><br>　　　*Defendant* | Case No. 4:21-cv-00528-YGR<br><br>**JOINT CASE MANAGEMENT**<br>**STATEMENT** |

1   Pursuant to the Court's January 25, 2021 Order, the parties provide the following Joint Case Management Statement.

### I.   JURISDICTION

<u>Plaintiff's Statement</u>:

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c), as it arises under the federal Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims under the California Uniform Trade Secret Act, Cal. Civ. Code § 3426, *et seq*. and for breach of contract pursuant to 28 U.S.C. § 1367(a) because Tesla's state law claims are so closely related to its federal claim that they form part of the same case of controversy under Article III of the United States Constitution.

No issues exist regarding personal jurisdiction or venue. All parties have been served.

<u>Defendant's Statement</u>:

No issues exist regarding personal jurisdiction or venue. All parties have been served.

### II.   SERVICE

<u>Plaintiff's Statement</u>:

Defendant Alex Khatilov was served on January 26, 2021 at 2:17 PM through personal delivery to his address. *See* Dkt. 11 at 7.

<u>Defendant's Statement</u>:

I have been served on January 26, 2021 at 2:17 PM.

### III.   FACTS

<u>Plaintiff's Statement</u>:

Plaintiff Tesla hired Defendant Khatilov as a software automation engineer on December 28, 2020. Within three days, he began downloading thousands of highly confidential software

1

files from Tesla's secure internal network, transferring them to his personal cloud storage account on Dropbox, to which Tesla has no access or visibility. The files consist of "scripts" of proprietary software code that Tesla has spent years of engineering time to build, which are extremely valuable because they automate a broad range of functions throughout Tesla's business, and which are limited to access only by a select few Tesla employees. When Tesla's information security personnel detected Defendant's unauthorized download on January 6, 2021, they confronted Defendant that day and interviewed him. During this interview he misrepresented the download, claiming only to have taken personal administrative documents. Additionally, there is evidence of further deletions conducted by Mr. Khatilov to attempt to prevent Tesla from discovering his wrongdoing. Tesla continues to investigate the scope of wrongdoing.

<u>Defendant's Statement</u>:

I have been hired by Tesla on December 28, 2020. When I receive Tesla computer, on December 31, 2020, I installed Dropbox application on it for only one purpose – to transfer all onboarding documents, like copy of my passport, driver license, etc. from my personal computer to Tesla computer to finalizing onboarding process. To install a Dropbox was allowed by Tesla (All software which Tesla is not allowing to install, impossible to install, it said "This software is not allowed to install). On my second day of employment, I didn't have access to any documentation except onboarding files. I suppose to meet with my manager on January 11, 2021, to discuss my assignments, after which I suppose to have access to documents I should use for my assignments. I only downloaded onboarding files which all new hires should to download. When anybody installing Drobox, by default it adds 3 folders (Document, Desktop and Download) to automatic backup. Tesla Security Staff stated that they detected Dropbox installation on my

1  computer on December 31, 2020, and next 6 days they didn't let me know, that I shouldn't have it
2  in my computer. On January 6, 2021, Tesla Security Staff scheduled a video meeting with me, on
3  which they told me that I have some files on my Dropbox folders. I wasn't aware of it, when they
4  said to share the screen with them, only then I saw the files (downloading was happened through
5  command line, without visual seeing what actually downloading). Then Tesla Security Staff told
6  me to delete it from local computer, and then sign in to my to Dropbox cloud and permanently
7  delete it over there as well, and I did what they told me to do.
8      I was dreaming to work for Tesla for many years and spend 6 months to prepare myself for
9  an interview, and on the first day of employment wouldn't do something wrong. Nobody told me
10 I should not install a Dropbox, and I was not aware of it was doing a backup, that's why at the
11 interview with the Security Staff all files were at place.
12     From my previous experience if you are installing any software which is not supposed to
13 be install at the company computer, security staff either tell you to uninstall it immediately or just
14 uninstall it by themself.  All those files didn't go to anywhere and were deleted immediately in
15 front of Security Staff.

16     **IV.**    **LEGAL ISSUES**
17     <u>Plaintiff's Statement</u>:
18     The legal issues in this matter are fairly straightforward applications of trade secret and
19 law.  Thus, the primary anticipated legal issues in this matter will be application of the facts to
20 the law; specifically, whether the conduct described above constitutes (1) a trade secret violation
21 or (2) breach of Mr. Khatilov's NDA with Tesla.  Courts have frequently found a likelihood of
22 trade secret misappropriation and/or breach of contract under similar facts. *See, e.g.*, *Techs. USA*
23 *Inc. v. Beuerman*, No. 18-CV-01441-LHK, 2018 U.S. Dist. LEXIS 224356, at *5 (N.D. Cal.
24 Mar. 15, 2018) (likelihood of success on trade secret claim where employee downloaded over a

hundred confidential documents from plaintiff's servers, saved them to an external memory device, lied about it, and attempted to conceal his misconduct when confronted); *Pyro Spectaculars N., Inc. v. Souza*, 861 F. Supp. 2d 1079 (E.D. Cal. 2012) (likelihood of success where employee downloaded plaintiff's confidential documents and information); *Henry Schein, Inc. v. Cook*, No. 16-cv-03166-JST, 2016 U.S. Dist. LEXIS 81369 (N.D. Cal. June 22, 2016) (likelihood of success where former employee downloaded and emailed trade secrets to herself in violation of her employment agreement).

Defendant's Statement:

As a Software Engineer with 20 years of experience, I never had access to any trade secret information, never tried to copy any company's files to external drive or email it to myself.

### V. MOTIONS

Plaintiff's Statement:

Plaintiff Tesla has filed a Motion for Temporary Restraining Order, which was granted on January 22, 2021, and a Stipulated Motion for Preliminary Injunction, which was granted on February 3, 2021. Tesla anticipates that subsequent motions may be filed depending on fact development, including summary judgment. Where necessary, the parties may file motions to compel discovery into the issues of this case. Before trial, the parties may file motions *in limine* to resolve evidentiary issues before trial.

### VI. AMENDING THE COMPLAINT

Plaintiff's Statement: Tesla, Inc. does not currently plan to amend the complaint.

### VII. PRESERVATION OF EVIDENCE

Plaintiff's Statement: Plaintiff confirms that it has taken reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Defendant's Statement: I provided to Plaintiff all my computers, hard drives and phone for forensic investigation.

### VIII. INITIAL DISCLOSURES

Tesla, Inc. has exchanged its Initial Disclosures. Defendant Khatilov plans to exchange Initial Disclosures on April 21, 2021, and Tesla has consented to that extension of time to exchange disclosures.

### IX. DISCOVERY

Plaintiff's Statement:

Tesla, Inc. has served subpoenas on Microsoft, Dropbox, and EBay for documentary evidence concerning the allegations in the Complaint. Mr. Khatilov has also provided documentary and forensic evidence concerning his devices, accounts, and access. The parties are meeting and conferring concerning the timing of a deposition of Defendant Alex Khatilov, to be set after initial documentary discovery, including the Microsoft and Dropbox productions, is complete. The scope of remaining discovery will be controlled by what additional evidence is required to identify whether the scripts downloaded by Mr. Khatilov were accessed, disclosed, or made available to anyone else.

Defendant's Statement:

All scripts downloaded by me, never been accessed, disclosed or made available to anyone else.

### X. CLASS ACTIONS

Not applicable.

### XI. RELATED CASES

The parties are not aware of any related cases.

### XII. RELIEF SOUGHT

Plaintiff's Statement:

Tesla seeks, first, to secure its trade secret information. As such, it seeks return of all Tesla information, complete listing of all such information that was taken, and identification of any persons or entities who accessed such information. Tesla also seeks compensation for any damages incurred, to be determined at trial. Because the scope of disclosure has not yet been established, the number of any such damages remains unknown.

### XIII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

Plaintiff's Statement:

The parties are in continuing discussions concerning settlement of this case. Before settlement is appropriate, the parties need to complete initial discovery to assess the scope of disclosure to third parties, if any. Before that discovery has been completed, further settlement discussions or mediation would be premature and unproductive.

### XIV. CONSENT TO HAVE A MAGISRATE JUDGE HEAR THE CASE

Tesla does not consent to have a magistrate judge hear this matter.

### XV. OTHER REFERENCES

Not applicable.

### XVI. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

Plaintiff's Statement:

The parties have discussed whether the issues in this case can be narrowed. These discussions are ongoing, and will be further informed by Defendant Khatilov's answer.

Defendant's Statement:

We had that discussion.

### XVII. EXPEDITED TRIAL PROCEDURE

Not applicable.

### XVIII. SCHEDULING

The parties propose the following deadlines:

### XIX. TRIAL

| | |
|---|---|
| 1 | This case will be tried to a jury.  The trial is expected to last 3-5 days. |
| 2 | **XX.    DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES** |
| 3 | None. |
| 4 | **XXI.   OTHER MATTERS** |
| 5 | The parties are submitting a proposed protective order.  This protective order should |
| 6 | cover appropriate scope of protection for all confidential information and trade secrets in this |
| 7 | matter. |
| 8 | Date: April 19, 2021 |

| | | |
|---|---|---|
| 9 | /s/ *Joseph Alm* | ____Alex Khatilov_____ |
| 10 | Joseph Alm | Alex Khatilov |
| 11 | Counsel for Plaintiff Tesla, Inc. | Defendant, proceeding *pro se* |